UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MELVIN WINTERS,

    Plaintiff,

v.                                                                  Case No. 2:06-cv-201

COMMISSIONER OF SOCIAL SECURITY,          HON. ROBERT HOLMES BELL

    Defendant.
_____/

### REPORT AND RECOMMENDATION

Plaintiff Melvin Winters was born on October 13, 1954, and worked for many years as a welder. See Transcript of Administrative Hearing at pages 45, 73 (hereinafter Tr. at ___). According to Plaintiff, he became unable to work on February 2, 2004, as a result of back pain, pancreatitis, and the effects of medication he was taking to treat his conditions. Plaintiff filed an application for social security disability benefits on March 11, 2004. Tr. at 45-47. Plaintiff's application was denied initially and Plaintiff requested a hearing before an Administrative Law Judge (ALJ). Tr. at 22. A hearing was held on December 19, 2005, at which Plaintiff and a vocational expert testified. Tr. at 215-235. On March 27, 2006, the ALJ issued a decision finding Plaintiff not disabled as that term is defined in the Social Security Act. The ALJ concluded that Plaintiff was capable of performing light work "that involves only occasional stooping, kneeling, crawling and crouching, but no climbing, balancing, heights or hazards." Tr. at 12-16. Plaintiff thereafter filed a request for a review of the ALJ's decision with the Appeals Council. The Appeals Council denied Plaintiff's request for a review on July 5, 2006. Therefore, the ALJ's decision became the final

decision of the Commissioner. Plaintiff has filed a petition in this Court, seeking an award of disability benefits.

A review of the medical evidence of record establishes that Plaintiff suffers from serious problems which significantly impact upon his ability to work. In March of 2003, Dr. Songer found that Plaintiff's back and neck problems included severe cervical and lumbar spondylosis and advanced degenerative disc disease. Dr. Songer's records indicate that Plaintiff suffered severe pain, but that the pain was not so severe as to prevent Plaintiff from working. Tr. at 109. In May of 2003, Plaintiff was diagnosed with pancreatitis and suffered a rupture of his pancreas which required that a drain be surgically inserted. Tr. at 119-122, 132. Plaintiff suffered with a stone in his pancreas in October of 2003 and suffered a mild bout of pancreatitis in November of 2003. Tr. at 135, 139, 145. Plaintiff was prescribed Avinza by Dr. Khouli to control his pain. The medication was apparently effective, but did cause Plaintiff to suffer side effects, including nausea, dizziness and fatigue. Tr. at 178. Dr. Khouli indicated that the side effects from Plaintiff's medication did not render Plaintiff disabled. Tr. at 178. Plaintiff was concerned that the medication made it dangerous for him to operate heavy machinery. It was in part because of this concern that Plaintiff applied for disability benefits. Tr. at 180. Dr. Songer remarked in March of 2003 that Plaintiff was "very resistant to physical therapy." Tr. at 109. Dr. Kosinski concluded in June of 2003 that Plaintiff would likely be off work for three to four months. Tr. at 132. Dr. Kroll indicated that Plaintiff's prognosis was good and he could return to work in October of 2003. Tr. at 133. The medical records also indicate that Plaintiff felt he could not work as a result of his pain. Tr. at 185. Records from the Gwinn Medical Center indicate that in spite of it being suggested that Plaintiff go back to work, Plaintiff felt he was not capable. Tr. at 186.

Jane Carmichael, a vocational expert (VE), testified at the hearing before the ALJ that Plaintiff's past work experience as a welder was skilled work of the medium to heavy type. Tr. at 230. The VE testified that Plaintiff had skills which were transferrable to light duty semi-skilled welding jobs and that about 1,300 such jobs existed in Michigan and approximately 25,000 jobs nationwide. Tr. at 230-231. At the hearing, the ALJ presented the VE with a hypothetical question which required her to assume an individual with Plaintiff's vocational experience who could perform light work with only occasional climbing, stooping, kneeling, crawling, balancing and crouching. Tr. at 231. The VE testified that jobs existed in the national economy which Plaintiff could perform. The ALJ found that Plaintiff had the residual functional capacity to perform light work that involved only occasional stooping, kneeling, crawling and crouching, and no climbing, balancing, heights or hazards. Tr. at 16. Relying upon the testimony of the VE, the ALJ concluded that Plaintiff was not disabled. The ALJ did indicate that, "[o]verall, the claimant's complaints suggest a greater severity of impairment than is shown by the objective medical evidence. . . ." Tr. at 14.

In his claim for disability benefits presented to this Court, Plaintiff maintains that:

> [T]he Administrative Law Judge indicated incorrectly that Mr. Winters' treating doctor found that he was not totally disabled, made the false observation that Mr. Winters himself felt that his pain was tolerable, and distorted and mis-characterized the record to conclude that the level of side effects Mr. Winters reported were not severe. Because the Administrative Law Judge read the record out of context and in a distorting fashion in order to justify her denial of the claim, it is impossible to conclude that her decision is supported by substantial evidence in the record as a whole. In denying Mr. Winters' claim the Administrative Law Judge selectively chose portions of the record to justify her denial while ignoring other facts and opinions that would have supported Mr. Winters' claim. As a result, the Administrative Law Judge has distorted the facts beyond recognition in order to justify her denial of the claim.

The Social Security Act provides for limited judicial review of the final decision of the Commissioner. 42 U.S.C. § 405(g). The findings of the Commissioner cannot be reversed by this Court if they are supported by substantial evidence. *See Mullen v. Secretary of Health and Human Services*, 800 F.2d 535, 538 (6th Cir. 1986). Substantial evidence has been defined as such relevant evidence as a reasonable person might find was adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Sixth Circuit has specifically explained that "the findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). This Court cannot overturn the decision of the Commissioner if it is supported by substantial evidence, even if a preponderance of the evidence might support the claimant's position. *See Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003). The Commissioner is required to evaluate a disability benefits claim pursuant to a five-step sequential analysis. *See Walters v. Commissioner*, 127 F.3d 525 (6th Cir. 1997). Plaintiff does not dispute that the Commissioner followed the five-step sequential analysis in this case, but maintains that the decision is outside the zone of choice within which the Commissioner can act.

Plaintiff does suffer from severe medical conditions which cause him considerable pain. In addition, Plaintiff's medication does produce disturbing side effects. This Court is constrained by the law to uphold the decision of the Commissioner if it is supported by substantial evidence. I have carefully reviewed the entire record in this case and conclude there is adequate support for the Commissioner's decision. It is apparent that Plaintiff can no longer perform his job as a welder. The medical evidence of record, particularly the reports of Plaintiff's treating

physicians, does not establish that Plaintiff is totally disabled from all employment. Those portions of the record cited above provide substantial evidence to support the Commissioner's decision that Plaintiff is capable of performing a limited range of light work. Accordingly, it is respectfully recommended that the Court deny Plaintiff's request for benefits and that this case be dismissed.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3. Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                                /s/ Timothy P. Greeley
                                                TIMOTHY P. GREELEY
                                                UNITED STATES MAGISTRATE JUDGE

Dated: August 15, 2007